UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH TAHOE STATION (AKA TRANSAM), INC., ET AL.,<br><br>    Defendants. | No. 2:13-cv-2540 TLN AC<br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the court is plaintiff's August 21, 2014 motion for default judgment against defendant North Tahoe Station, Inc., located at 8070 N. Lake Blvd., Kings Beach, California. ECF No. 13-1 at 5. The court determined the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter was vacated. L.R. 230(g). Upon review of the docket, the motion for default judgment and all attached exhibits, THE COURT FINDS AS FOLLOWS:

PROCEDURAL BACKGROUND

Plaintiff initiated this action on December 9, 2013 alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, the California Unruh Civil Rights Act, the California Disabled Persons Act, CAL. CIV. CODE § 54–54.8, and negligence. A certificate of service filed on April 29, 2014 demonstrates that the summons and complaint were

1

served on defendant on April 24, 2014 by personal service to California Secretary of State by serving Kim Gauthier, Deputy Secretary of State, at 1500 11th Street, Sacramento, California 95814.  ECF No. 9 at 1; see ECF No. 7 (order authorizing plaintiff to serve the summons and complaint on defendant by delivering by hand a copy to the office of the California Secretary of State).  North Tahoe Station, Inc. has not answered or otherwise appeared.  On July 24, 2014, at plaintiff's request, the Clerk entered default as to North Tahoe Station, Inc.  ECF No. 11.  On August 21, 2014, plaintiff filed the instant motion for default judgment and served a copy of the motion by mail on defendant to its agent for service, Azad Amiri, at 913 Emerald Bay Rd., South Lake Tahoe, California, 96150.  ECF No. 13-13.

## DISCUSSION

It is within the sound discretion of the district court to grant or deny an application for default judgment.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages.  Tele Video Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (citations omitted).  However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

////

A.     The Americans with Disabilities Act

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000) (citations omitted).

Plaintiff alleges as follows in his complaint. Plaintiff is a disabled individual who uses a wheelchair for mobility. Compl. ¶ 1, ECF No. 1. Defendant North Tahoe Station is a place of public accommodation and its facilities are not accessible to wheelchair users. Id. ¶ 7. Defendant's business has a number of architectural barriers including lack of van accessible handicap parking, no visible handicap parking space or signage and no accessible restrooms for disabled patrons. Id. ¶¶ 9–13. Plaintiff visits the area where defendant's business is located and "would have patronized the business but was deterred from doing so because of the barriers identified . . . ." Id. ¶ 14. "[P]laintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities

1  was not an 'accident' because had the defendants intended any other configuration, they had the

2  means and ability to make the change." Id. ¶ 16.

3      Plaintiff argues that whether the removal of these barriers is readily achievable is an

4  affirmative defense that is waived if not raised. ECF No. 13-1 at 10 (citing Wilson v. Haria &

5  Gorgi Corp., 479 F. Supp. 2d 1127, 1133 & n.7 (E.D. Cal. 2007)). The court finds that it does not

6  need to address whether it is an affirmative defense that was waived. This is because 28 C.F.R. §

7  36.304(b) specifically lists "[i]nstalling accessible door hardware. . . [i]nstalling a full-length

8  bathroom mirror . . . [and] [c]reating designated accessible parking spaces" as examples of typical

9  "steps to remove barriers." In other words, the barriers cited by plaintiff are per se readily

10  achievable and plaintiff has therefore met his burden.

11      Because plaintiff's allegations are taken as true on default, the court finds that plaintiff has

12  made out a prima facie Title III discrimination claim. Additionally, the court finds that the

13  majority of the Eitel factors weigh in favor of granting default judgment to plaintiff on that claim.

14  Therefore, the court recommends that plaintiff be granted default judgment against defendant on

15  his ADA claim and award plaintiff an injunction requiring defendant to provide a van accessible

16  disabled parking space and accessible restrooms in accordance with the Americans with

17  Disabilities Act of 1990 ("ADA") and the Americans with Disabilities Act Accessibility

18  Guidelines ("ADAAG") contained in 28 CFR Part 36. See 42 U.S.C. § 12188(a)(2) (authorizing

19  injunctions under the ADA).

20  B.    Unruh Civil Rights Act

21      The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are

22  free and equal, and no matter what their sex, race, color, religion, ancestry, national origin,

23  disability, medical condition, marital status, or sexual orientation are entitled to the full and equal

24  accommodations, advantages, facilities, privileges, or services in all business establishments of

25  every kind whatsoever." CAL. CIV. CODE § 51(b). To prevail on his disability discrimination

26  claim under the Unruh Civil Rights Act, plaintiff must establish that (1) defendant denied plaintiff

27  the full and equal accommodations, advantages, facilities, privileges, or services; (2) a motivating

28  reason for defendant's conduct was plaintiff's disability, (3) plaintiff was harmed; and

(4) defendant's wrongful conduct was a substantial factor in causing plaintiff's injury. California Civil Jury Instructions (CACI), No. 3020.  A plaintiff who establishes a violation of the ADA need not prove intentional discrimination under the Unruh Act.  See Munson v. Del Taco, Inc., 46 Cal. 4th 661 (2009) (Interpreting CAL. CIV. CODE § 51(f), which provides "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.").

Here, because plaintiff's complaint properly sets out the necessary elements for his ADA claim, plaintiff has also properly set out the necessary elements for his Unruh Civil Rights Act claim.  Therefore, and because there are no policy considerations which preclude the entry of default judgment on this claim, Eitel, 782 F.2d at 1471–72, the court will recommend that plaintiff's motion for default judgment on his Unruh Civil Rights Act claim be granted.

The Unruh Civil Rights Act provides for a minimum statutory damage amount of $4,000 per violation, and "any attorney's fees that may be determined by the court in addition thereto." CAL. CIV. CODE § 52(a).  Plaintiff's motion seeks a damages award in the amount of $12,000 for violation of the Unruh Civil Rights Act.  ECF No. 13-1 at 11.  The complaint, however, fails to specify on what dates plaintiff actually visited defendant's business.  Nor does the complaint contain any details regarding multiple discrete visits.  It merely alleges plaintiff has been to the North Tahoe Station area on four occasions in 2013 and would have patronized the business but was deterred because of the barriers.  Compl. ¶ 14.  "[N]ecessary facts not contained in the pleadings . . . are not established by default."  Cripps, 980 F.2d at 1267.  The complaint in this case does not allege facts to support the requested award of $12,000.  Accordingly, the court will recommend that plaintiff be awarded the minimum $4,000 in statutory damages.

Plaintiff also requests $2,630 in attorney's fees and costs under Title III of the ADA and the Unruh Civil Rights Act.  ECF No. 13-1 at 11.  Attorney's fee awards are calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate.  Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1146–48 (9th Cir. 2001). The hourly rate is generally calculated "according to the prevailing market rates in the relevant legal community."  Blum v. Stenson, 465 U.S. 886, 895 (1984).  It is also the general rule that the

5

1  court will use the rates of attorneys practicing in the forum district.  Gates v. Deukmejian, 987

2  F.2d 1392, 1405 (9th Cir. 1993).  Plaintiff requests attorney's fees at an hourly rate of $425 for

3  5.2 hours of work, along with $420 in filing fees and service costs.  ECF No. 13-3 at ¶¶ 5, 7.

4  Plaintiff claims that this is a fair rate for attorneys with similar experience in the area of

5  disability law, but does not address the prevailing market rates in the forum district.  Id. at ¶ 9.

6  Plaintiff's counsel provides cases in support of his declaration that his requested rate is

7  reasonable.  See ECF Nos. 13-8–13-12.  However, none of the cases are from the forum district

8  but rather from the Central District of California, the Southern District of California and the Los

9  Angeles County Superior Court.  The court has found that the prevailing rate is $250 per hour in

10  the Sacramento division of the Eastern District of California for similar services by lawyers of

11  reasonably comparable skill, experience and reputation.  See, e.g., Loskot v. D & K Spirits, LLC,

12  No. 2:10–cv–0684 WBS DAD, 2011 WL 567364 at *5 (E.D. Cal. Feb. 15, 2011) (citing

13  numerous Eastern District ADA cases resolved on default judgment where $250 was determined

14  to be the reasonable rate).  Accordingly, the court will recommend that plaintiff be awarded

15  $1,720 in attorney's fees and costs, based on an hourly rate of $250 along with $420 in filing fees

16  and service costs.[1]

17  Based on the foregoing, IT IS HEREBY RECOMMENDED that:

18  1. Plaintiff's motion for default judgment on plaintiff's ADA claim and Unruh Civil

19  Rights Act claim be granted;

20  2. Plaintiff be awarded statutory damages in the amount of $4,000 and attorney's fees and

21  costs in the amount of $1,720; and

22  3. Plaintiff be granted an injunction requiring defendant to provide a van accessible

23  disabled parking space and accessible restrooms in accordance with the ADA and the ADAAG.

24  These findings and recommendations are submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

---

[1] Although plaintiff's complaint contains claims for violation of the California Disabled Persons Act and negligence, plaintiff does not address those claims in his motion for default judgment. Accordingly, the court only reaches plaintiff's claims for violation of the ADA and the Unruh Civil Rights Act.

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE