UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH TAHOE STATION, INC.,<br><br>    Defendant. | No. 2:13-cv-02540-TLN-AC<br><br>ORDER TO SHOW CAUSE RE CONTEMPT |

This case is before the undersigned pursuant to Local Rule 302(c)(1). For the reasons which follow, civil contempt proceedings are warranted. Accordingly, the undersigned hereby certifies facts regarding contempt to U.S. District Judge Troy L. Nunley, and orders defendant to show cause before Judge Nunley why it should not be held in contempt.

CERTIFCATION PROCEDURE AND CONTEMPT STANDARDS

Magistrate judges must refer contempt proceedings to district judges. See 28 U.S.C. § 636(e); Bingman v. Ward, 100 F.3d 653, 656–57 (9th Cir. 1996). A magistrate judge may investigate whether further contempt proceedings are warranted and certify such facts to a district judge. 28 U.S.C. § 636(e); see also Alcalde v. NAC Real Estate Invs. & Assignments, Inc., 580 F. Supp. 2d 969, 971 (C.D. Cal. Aug. 4, 2008). A magistrate judge may not, however, conduct a

contempt hearing in a civil case absent consent jurisdiction.[1]

The Federal Magistrates Act establishes a certification procedure whereby:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii); see also Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 71–72 (E.D.N.Y. 2008).

Under this process, the magistrate judge functions to certify the facts and not to issue an order of contempt. Bingman, 100 F.3d at 656–57. By certifying facts under Section 636(e), the magistrate judge is simply attesting that further contempt proceedings are warranted. See 28 U.S.C. § 636(e); Gomez v. Scoma's Inc., No. C-94-4452-VRW JSB, 1996 WL 723082, at *3 (N.D. Cal. Dec. 2, 1996). The certification of facts is typically included in an order to show cause why a contempt citation should not issue, which also provides notice of a date for the hearing. 28 U.S.C. § 636(e); Alcalde, 580 F. Supp. 2d at 971 (citing Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial at ¶ 11:2316). The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made. See Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 907–08 (3d Cir. 1992) (holding that it was error for the district court

---

[1] Under the Federal Magistrates Act, 28 U.S.C. § 636(e), magistrate judges' contempt authority is limited to specific matters within magistrate judges' regular statutory jurisdiction. Magistrate judges may exercise summary criminal contempt authority, for misbehavior "in the magistrate judge's presence so as to obstruct the administration of justice," 28 U.S.C. § 636(e)(2), as well as criminal contempt and civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties. 28 U.S.C. §§ 636(e)(3), (4); see also Irwin v. Mascott, 370 F.3d 924, 932 (9th Cir. 2004) (affirming a magistrate judge's civil contempt order in a civil consent case). In all other instances where a person has committed an act constituting contempt in a proceeding before the magistrate judge, the magistrate judge must follow the certification procedure discussed above.

1   not to conduct a de novo hearing after the magistrate judge issued a certification of contempt).

2   Where the relief sought in contempt proceedings involves compulsory and compensatory sanctions, including conditional confinement employed to compel compliance, then the proceeding is for civil contempt.  See Shillitani v. United States, 384 U.S. 364, 369–70 (1966); United States v. Asay, 614 F.2d 655, 659 (9th Cir. 1980).  To find civil contempt, "the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that the order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order."  Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995).  A civil contempt finding does not require a willful violation of the order in order for the court to find civil contempt.  Asay, 614 F.2d 661; see also United States v. Laurins, 857 F.2d 529, 534 (9th Cir. 1988).

## CERTIFIED FACTS

The undersigned certifies the following facts pursuant to 28 U.S.C. § 636(e)(6)(B)(iii):

- On January 28, 2015, plaintiff filed a request for a debtor's examination.  ECF No. 25.  The court granted plaintiff's request and ordered defendant to appear at its judgment debtor exam on April 22, 2015.  ECF No. 26.
- The order contained the following language:  "NOTICE TO JUDGMENT DEBTOR: If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding."  Id. at 2.
- The court's order that defendant appear at its judgment debtor's exam was served on defendant by plaintiff on April 14, 2015, at North Tahoe Station, Inc., Sarbjit Singh Kang, Agent for Service of Process, 913 Emerald Bay Road, South Lake Tahoe, CA 96150.  ECF No. 27.
- On April 22, 2015, the date set for the judgment debtor exam, Amanda Lockhart appeared on behalf of plaintiff and defendant failed to appear.

////

FURTHER CONTEMPT PRODCEEDINGS ARE WARRANTED

Based on the foregoing facts the court finds that further civil contempt proceedings are warranted. The court's order that defendant appear at the April 22, 2015, judgment debtor's exam was specific and definite. Despite that fact, defendant failed to appear or offer any explanation for doing so. For these reasons, further civil contempt proceedings are warranted to ensure defendant's compliance with the court's order.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant is hereby ordered to appear and SHOW CAUSE why it should not be found in contempt based upon the facts this court has certified;

2. A contempt hearing is set before Judge Nunley on July 16, 2015, at 1:30 p.m. in Courtroom No. 2;

3. The Clerk of the Court shall serve a copy of this order on defendant at the following address:

> North Tahoe Station, Inc., Sarbjit Singh Kang, Agent for Service of Process, 913 Emerald Bay Road, South Lake Tahoe, CA 96150.

DATED: May 29, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE