UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2: 13-cv-2540 |
| Plaintiff, | |
| v. | **ORDER HOLDING DEFENDANT IN CIVIL CONTEMPT** |
| NORTH TAHOE STATION, INC., | |
| Defendant. | |

Plaintiff Scott Johnson ("Plaintiff") initiated this action on December 9, 2013, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., the California Unruh Civil Rights Act, the California Disabled Persons Act, CAL. CIV. CODE § 54–54.8, and negligence. (ECF No. 1.) The complaint was properly served on Defendant North Tahoe Station, Inc. ("Defendant"). However, Defendant has not answered or otherwise appeared.

On July 24, 2014, at Plaintiff's request, the Clerk entered default as to Defendant. (ECF No. 11.) On August 21, 2014, Plaintiff filed a motion for default judgment and served a copy of the motion by mail on Defendant. (ECF No. 13.) On October 20, 2014, Judge Claire issued Findings and Recommendations, recommending that: (1) Plaintiff's motion for default judgment on Plaintiff's ADA claim and Unruh Civil Rights Act claim be granted; (2) Plaintiff be awarded statutory damages in the amount of $4,000 and attorney's fees and costs in the amount of $1,720; and (3) Plaintiff be granted an injunction requiring Defendant to provide a van accessible disabled

1

1  parking space and accessible restrooms in accordance with the ADA and the ADAAG.  (ECF No.
2  16.)  On December 4, 2014, this Court adopted the Findings and Recommendations issued by
3  Judge Claire. (ECF No. 17.)
4      Defendant failed to pay the judgment and Plaintiff sought an Order to Appear for
5  Examination. (ECF No. 25.)  The Court signed said order on January 28, 2015, ordering
6  Defendant to appear on April 22, 2015, in Courtroom 26 of the Courthouse located at 501 I
7  Street, Sacramento, California. (ECF No. 22.)  Defendant was served with notice of this hearing
8  on April 14, 2015.  (ECF No. 27). Defendant did not appear for that examination.
9      On June 1, 2015, Judge Claire issued an order to show cause as to why Defendant should
10  not be found in contempt and set the Contempt Hearing before this Court. (ECF No. 30.)
11  Defendant failed to appear at the aforementioned Contempt Hearing.
12      The purpose of civil contempt is remedial or compensatory, while the purpose of criminal
13  contempt is punitive. *Shillitani v. U.S.*, 384 U.S. 364, 369–370 (1966).  A contempt proceeding is
14  civil if its purpose is to coerce persons into doing what they are supposed to do. *Id.*  In contrast, if
15  the purpose is to vindicate the authority of the court by punishing the wrongdoer, the proceeding
16  is for criminal contempt.  *U.S. v. United Mine Workers of America*, 330 U.S. 258, 302 (1947).
17  As noted above, the same sanctions (i.e., a fine and imprisonment) are imposed for civil contempt
18  as well as criminal contempt, but in the former instance they are employed "as coercive sanctions
19  to compel the contemnor to do what the law made it his duty to do." *Penfield Co. of Cal. v.*
20  *Securities and Exchange Commission*, 330 U.S. 585, 590 (1947).  The relief granted in civil
21  contempt proceedings is compensatory or conditional.  *F.T.C. v. Kuykendall*, 371 F.3d 745 (10th
22  Cir. 2004) (en banc).  The party found to be in civil contempt carries, the "keys to his prison," and
23  any punishment must end when the contempt is purged. *Evans v. Williams*, 206 F.3d 1292 (D.C.
24  Cir. 2000).  Therefore, because the justification of imprisonment for civil contempt is to induce
25  compliance with the court's order, the defendant can no longer be confined after compliance
26  becomes impossible. *Turner v. Rogers*, 131 S. Ct. 2507, 2516 (2011).  When it becomes obvious
27  that sanctions for contempt are not going to compel compliance, they lose their remedial
28  characteristics, and take on more of a punitive nature. *Id.*

Due to Defendant's continued failure to appear and adhere to this Court's orders, the Court HEREBY HOLDS DEFENDANT IN CIVIL CONTEMPT and ORDERS Defendant to pay a fine in the amount of $1,000 within fourteen (14) days of the entry of this order. Furthermore, Defendant is ordered to comply with this Court's Order granting Plaintiff's motion for default judgment on Plaintiff's ADA claim and Unruh Civil Rights Act claim and awarding Plaintiff statutory damages in the amount of $4,000 and attorney's fees and costs in the amount of $1,720. (EFC No. 17.)

IT IS SO ORDERED.

Dated:  July 20, 2015

Troy L. Nunley
United States District Judge